IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD SANDERS,                :

    Plaintiff,             :
                                                    Case No. 3:07cv103
    vs.                    :
                              JUDGE WALTER HERBERT RICE

JOHN ADDISON,                  :

    Defendant.             :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION TO REMAND (DOC. #8); CAPTIONED CAUSE REMANDED TO COMMON PLEAS COURT FOR CHAMPAIGN COUNTY, OHIO, FOR LACK OF SUBJECT MATTER JURISDICTION IN ACCORDANCE 28 U.S.C. § 1447(c); JUDGMENT TO ENTER ACCORDINGLY; TERMINATION ENTRY

---

Plaintiff initiated this litigation in the Common Pleas Court for Champaign County, Ohio. In addition to the prayer for relief, Plaintiff's Complaint provides in its entirety:

    1. Defendant John is a person and entity doing business in Champaign County, Ohio, and in other counties. Plaintiff's cause of action arises in this county, upon theories of tort, contract and conversion, from, generally, 2004, through January, 2007.

    2. John took, and wrongfully retains, from Donald, certain video properties and Donald's copyright privileges thereto, and John wrongfully retains money paid him by Donald.

> 3. John improperly claims ownership rights in Donald's video and related property, and, unless restrained, John will continue to retain the properties, which are unique, and for which money damages are not an appropriate substitute for recovery.

Doc. #2 at p. 1. In the prayer for relief, Plaintiff requests, inter alia, a mandatory injunction, directing Defendant to "transfer to Plaintiff all video material and property of Plaintiff." Id. at p. 2. The Defendant has removed this matter to this Court in accordance with 28 U.S.C. § 1441, alleging that this Court can exercise original subject matter jurisdiction over this litigation pursuant to 28 U.S.C. § 1338(a).[1] See Doc. #1 at ¶ 2. Section 1338 grants District Courts original and exclusive subject matter jurisdiction over, inter alia, any civil action "arising under any Act of Congress relating to … copyrights …." The Defendant alleges that this Court can exercise subject matter jurisdiction under § 1338, because this litigation "involves a dispute as to the ownership of a copyright or copyrights." Id.

This case is now before the Court on the Plaintiff's Motion to Remand (Doc. #8). The Defendant has opposed that motion (see Doc. #11), and Plaintiff has filed a Reply Memorandum (Doc. #12) in support thereof. As a means of analysis, this Court will initially review the procedural standards it must apply whenever it rules on a motion to remand.

In Eastman v. Marine Mechanical Corp., 438 F.3d 544 (6th Cir.), cert. denied, 127 S.Ct. 73 (2006), the Sixth Circuit restated those standards:

---

[1] Defendant also cites the Declaratory Judgment Act, 28 U.S.C. § 2201 as a basis for subject matter jurisdiction. See Doc. #1 at ¶ 2. This Court rejects that assertion since the Declaratory Judgment Act "is not 'an independent basis for federal subject matter jurisdiction.'" Toledo v. Jackson, 485 F.3d 836, 839 (6th Cir. 2007) (quoting Heydon v. MediaOne of S.E. Mich., Inc., 327 F.3d 466, 470 (6th Cir. 2003). See also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950).

>The provisions of section 1441(b) require a defendant to demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal jurisdiction. [Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000)]. The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. Ibid.; Conrad v. Robinson, 871 F.2d 612, 614 (6th Cir. 1989). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996); see also Her Majesty The Queen In Right of the Province of Ontario [v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989)].

Id. at 549-50.

Herein, the Plaintiff alleges Defendant took, wrongfully retains and claims ownership to, inter alia, a copyright belonging to Plaintiff.[2] In his Complaint, Plaintiff has not further elaborated on his theory of recovery. For instance, he has not explained how he became owner of the copyright, by purchase or authorship, or how John has taken it and retains it. Defendant does not appear to have attempted to add flesh to the matter through discovery. On the contrary, in his memorandum opposing Plaintiff's motion, Defendant merely argues that "Plaintiff has clearly pled that a dispute exists as to the ownership of the copyright to the intellectual property, i.e.[,] video properties at issue in this case" and that, therefore, this Court can exercise subject matter jurisdiction over this litigation. See Doc. #11 at 2. Accordingly, the Court turns to the question of whether a

---

[2]In the third paragraph of his Complaint, the Plaintiff alleges that Defendant "improperly claims ownership rights in Donald's video and related property." Doc. #2 at ¶ 3. Given that he refers to "certain video properties" and "copyright privileges thereto" in the second paragraph of that pleading, the Court concludes that the reference in the third paragraph to "related property" is to the "copyright privileges thereto."

dispute over the ownership of a copyright necessarily "aris[es] under any Act of Congress relating to … copyrights …."  28 U.S.C. § 1338.

Since Judge Friendly decided T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964), cert. denied, 381 U.S. 915 (1965), courts have generally held merely because there is a dispute over the ownership of a copyright does not mean that it arises under federal law and that, therefore, federal courts can exercise subject matter jurisdiction over it.  In Scholastic Entertainment, Inc. v. Fox Entertainment, Inc., 336 F.3d 982 (9th Cir. 2003), the Ninth Circuit explained that rule:

> The Ninth Circuit follows the majority rule as outlined in T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964), to determine if copyright subject matter jurisdiction exists.  See, e.g., Dolch [v. United California Bank, 702 F.2d 178, 180 (9th Cir. 1983)]; see also Scandinavian Satellite Sys. v. Prime TV Ltd., 291 F.3d 839, 844 (D.C.Cir. 2002); Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 347 (2d Cir. 2000).  In T.B. Harms, neither the plaintiff nor the defendant had threatened to use the copyrighted material, but merely sought a judicial determination of ownership.  339 F.2d at 825.  The court noted that "[t]he relevant statutes create no explicit right of action to enforce or rescind assignments of copyrights, nor does any copyright statute specify a cause of action to fix the locus of ownership."  Id. at 827.  Judge Friendly stated that:
>> an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproductions, or asserts a claim requiring construction of the Act … or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.
> Id. at 828 (citations omitted).  In T.B. Harms, the Second Circuit found that the test was not satisfied and the district court was correct to dismiss the claims.  Id. at 827.  In summary, the T.B. Harms test requires the district court to exercise jurisdiction if: (1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims.  Bassett, 204 F.3d at 349.
> The test outlined in T.B. Harms is essentially a reiteration of the "well-pleaded complaint" rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint.

Id. at 986.  See also, Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik GmbH KG., 510 F.3d 77 (1st Cir. 2007) (holding that a lawsuit concerning ownership of a copyright, based on disputed claim of co-authorship, arises under federal copyright law, giving District Court subject matter jurisdiction). Pertinent to this litigation, the Sixth Circuit, in Ritchie v. Williams, 395 F.3d 283 (6th Cir. 2005), applied the same principles, when concluding that some of the claims of the plaintiffs in that litigation were completely preempted by § 301 of the Copyright Act, 17 U.S.C. § 301, thus allowing the removal of those claims to federal court.  Accordingly, this Court concludes that removal was proper, if the Defendant has met its burden of demonstrating that Plaintiff's Complaint comes within one of the exceptions identified by the Ninth Circuit in Scholastic Entertainment. to wit:

> (1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims.

336 F.3d at 986.

Applying those standards to Plaintiff's Complaint herein, it is not possible to conclude that the Defendant has met his burden in that regard.  That pleading, which is quoted in its entirety above, does not disclose that this is anything more than a dispute between parties over the ownership of videos and the related right to a copyright.  As stated above, there is no indication that the Defendant has attempted to ascertain the Plaintiff's theories of recovery, through contention interrogatories or otherwise, in an effort to demonstrate that the Plaintiff's claim arises under federal copyright law, rather than state contract law.

Since the Defendant has failed to meet his burden of demonstrating that Plaintiff's Complaint arises under the Copyright Act, this Court concludes that it is without subject matter jurisdiction over this litigation and sustains the Plaintiff's Motion to Remand (Doc. #8).  As instructed by 28 U.S.C. § 1447(c),[3] this Court orders that this matter be remanded to the Common Pleas Court for Champaign County, Ohio.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 31, 2008

                                         /s/ Walter Herbert Rice
                                        WALTER HERBERT RICE, JUDGE
                                         UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record
Clerk of Courts, Common Pleas Court for Champaign County, Ohio.

---

[3] In pertinent part, § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."