# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DONALD SANDERS,                    :
     d/b/a VACA RESOURCES,

                   :

           Plaintiff,          :          Case No. 3:07CV103

 vs.                               :

                   :          District Judge Walter H. Rice

JOHN ADDISON,                                   Magistrate Judge Sharon L. Ovington
     d/b/a AVS VIDEO           :
     PRODUCTIONS, LLC

                   :

           Defendant.

===

# REPORT AND RECOMMENDATION

===

     Following remand to the state court in which Plaintiff originally filed his complaint (*see* Docs. ##16, 17), this matter is back before the Court on Plaintiff's motion for attorney fees and expenses related to Defendant's failed removal to this Court, as supported. (Docs. ##20, 21). Also before the Court are Defendant's opposing memorandum (Doc. #22), Plaintiff's reply (Doc. #23), and the record as a whole.

## I.    INTRODUCTION

     In February of 2007, Plaintiff filed a short complaint in the Champaign County Court of Common Pleas, seeking from Defendant the return of "certain video properties and [Plaintiff's] copyright privileges thereto," under theories "of contract, tort and conversion." (Doc. #2). On March 19, 2007, Defendant filed a notice of removal to this

Court, identifying the action as one involving "a dispute as to ownership of a copyright or copyrights" over which the federal courts have "exclusive jurisdiction." (Doc. #1 at 1).

On April 16, 2007, Plaintiff moved to remand this action to the state court from which it had been removed. (Doc. #8). Defendant opposed that request. (Doc. #11). On March 31, 2008, this Court issued an order granting Plaintiff's motion to remand. (Doc. #16). Finding that Defendant had not "met his burden" under existing case law of establishing that Plaintiff's complaint arose under federal copyright law, and that, conversely, Plaintiff's complaint suggests "that this is [no]thing more than a dispute between parties over the ownership of videos and the related . . . copyright," the Court concluded that it lacked subject matter jurisdiction over Plaintiff's action. (*Id.* at 5, 6). The matter was remanded pursuant to judgment entered the same date. (Doc. #17).

Plaintiff then filed the instant motion seeking attorney fees and expenses for his counsel's expenditure of time attributable to the removal and the efforts needed to return this case to the proper forum. (Docs. ##20, 21).[1] Attached to his motion is his counsel's affidavit, together with itemized invoices reflecting a total of $3,516.74 billed for professional services and other expenses identified as having been related to the removal. (*Id.*). Plaintiff urges that an award of attorney fees and expenses in that amount is warranted due to Defendant's unreasonable attempt to inflate Plaintiff's state law claims

---

[1]Although counsel's original affidavit contained a calculation error regarding the expense total (*see* Doc. #20, Affidavit of Kelly M. Schroeder, ¶4), that error was corrected via an amended affidavit. (*See* Doc. #21, ¶4).

into a federal copyright action.

Defendant opposes Plaintiff's fee request, arguing that "an objectively fair reading" of Plaintiff's complaint might suggest "that Plaintiff was seeking . . . to determine ownership of the copyright." (Doc. #22 at 2). Further contending that such a reading "would arguably meet the test for federal jurisdiction," Defendant urges that his attempt to remove the action to this Court "was at least 'fairly supportable'" under applicable case law, and that no award is warranted. (*Id.*).

Plaintiff, however, counters that the record is devoid of evidence that Defendant undertook any effort to ascertain Plaintiff's theories of recovery or the extent to which they relied on federal copyright law before Defendant filed his notice of removal. (Doc. #23 at 1). Pointing to the lack of factual support for any copyright use or licensing issues underlying Plaintiff's claim for the return of video materials, and noting that Defendant has not contested the amount of Plaintiff's fee request (*see id.* at 1), Plaintiff asks that he be awarded fees in the full amount shown.

## II.    APPLICABLE LEGAL STANDARDS

The federal statute on which Plaintiff's motion relies provides that where a removed case has been remanded to state court, the remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Interpreting this provision, the United States Supreme Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v.*

*Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005). Expanding on that holding, the Court advised that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140, 126 S. Ct. at 711. Accordingly, "the standard for awarding fees should turn on the reasonableness of the removal," and courts ordinarily should award fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141, 126 S. Ct. at 711.

District courts nonetheless "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*; *see also Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008) (finding that "*Martin* makes clear that a district court's discretion to award or deny fees under § 1447(c) involves more than an on-off switch that is solely dependent on the objective reasonableness of the removal decision," and that in deciding whether to award fees, a district court "may not simply look to whether the complaint in the case referenced federal law"). A plaintiff's request for attorney fees based upon remand therefore "must be denied if, under an 'objectively reasonable' reading of her complaint, her right to relief either arose directly under federal law or depended upon the resolution of a substantial federal question." *Id.* (citing *Martin*, 546 U.S. at 141). If a defendant's actions in removing an action were objectively unreasonable, however, no "improper

4

purpose" is necessary in order to justify a fee award under Section 1447(c). *See Nat'l City Bank v. Aronson*, 474 F.Supp.2d 925, 929 (S.D. Ohio 2007) (Marbley, J.) (citing *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir.1993); *Taylor-Sammons v. Bath*, 398 F.Supp.2d 868, 877-78 (S.D. Ohio 2005) (Graham, J.)).

## III.  DISCUSSION

In this instance, Plaintiff convincingly argues that Defendants lacked any "objectively reasonable" basis for removing his claims to federal court. (*See* Docs. ##20, 23). Having previously detailed the reasons why removal of Plaintiff's amended complaint to this Court was not supportable under existing law (*see* Doc. #16), the Court does not intend to reiterate the analysis which led to the prior remand order. It nonetheless bears observing that binding precedent within this Circuit prior to Defendants' removal clearly dictated the removing party's burden of establishing the existence of federal jurisdiction, *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544 (6th Cir.), *cert. denied*, 549 U.S. 815, 127 S.Ct. 73 (2006), as well as the standards applicable to preemption under federal copyright law. *See Ritchie v. Williams*, 395 F.3d 283 (6th Cir. 2005). (*See* Doc. #16 at 4-5). In light of the foregoing well-established legal principles, Defendant herein cannot claim that the state of the law was unclear when he filed his notice of removal, or that remand was warranted by some subsequent change in the applicable law. The mere fact that Plaintiff's complaint made a passing reference to "copyright privileges" (*see* Doc. #2 at ¶2) does not change that result. *See Warthman*, 549 F.3d at 1060 ("a district court deciding whether to award fees . . . may not simply

look to whether the complaint . . . referenced federal law"). Under the standard articulated in *Martin, supra*, Plaintiff presumably may recover attorney fees unless "under an 'objectively reasonable' reading of h[is] complaint, h[is] right to relief either arose directly under federal law or depended upon the resolution of a substantial federal question." *Id.* at 1061 (citing *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990); *Martin*, 546 U.S. at 141). As this Court previously found, Plaintiff's complaint cannot reasonably be so read. (*See* Doc. #18). Accordingly, notwithstanding the recognition of the legitimate interest in protecting defendants' right to remove as a general matter, the Court concludes that this Defendant lacked an objectively reasonable basis for seeking removal here. *See Martin*, 546 U.S. at 140-41, 126 S. Ct. at 711.

The analysis, then, turns from the appropriateness of an award to whether the amount of fees and expenses requested by Plaintiff is adequately supported and reasonable. As Plaintiff correctly observes (Doc. #23 at 2), Defendant has raised no objection to the amount of Plaintiff's fee and expense request. (*See* Doc. #22). A review of Plaintiff's supporting documentation reveals that the requested fees include 1.6 hours of professional service by Neil F. Freund, Esq., billed at $300.00 per hour [$480.00]; 18.7 hours of professional service by Kelly M. Schroeder, Esq., billed at $150.00 per hour [$2,805.00]; and .3 hours of service by Carol S. Seitz, billed at $85.00 per hour [$25.50]; plus expenses for computer research [$206.24]; for a total of $3,516.74. (*See* Doc. #20 at 4-5 and supporting documentation; Doc. #21). The Court determines that the amount of time and other expenses thus claimed falls within the bounds of

reasonableness for the services so reflected, and that the hourly rate charged by each named individual also is fair and reasonable for counsel of comparable skill and experience in the Dayton area.

Given the lack of any objection from Defendant, and the Court's determination that Plaintiff's total request of $3,516.74 (*see* Doc. #20 at 5, 6; Doc. #21) is not unreasonable for the professional services thus delineated, the "actual expenses" incurred by Plaintiff relative to the improper removal will be awarded against Defendant in the full amount of Plaintiff's request. *See* 28 U.S.C. § 1447(c).

**IT THEREFORE IS RECOMMENDED THAT:**

1. Plaintiff's Motion for Attorney Fees (Docs. ##20, 21) be GRANTED, and that judgment for attorney fees in the amount of $3,516.74 be ENTERED in favor of Plaintiff and against Defendant, and

2. this case remain TERMINATED on this Court's docket.

March 27, 2009

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten [10] days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen [13] days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten [10] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981).